# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. CHARLES STRUNCK, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 12-CV-0175 |
| | : |
| MALLINCKRODT ARD LLC. (f/k/a Mallinckrodt ARD, Inc.; f/k/a Questcor Pharmaceuticals, Inc.), | : |
| | : |
| Defendant. | : |
| | : |
| UNITED STATES OF AMERICA, et al., ex rel. SCOTT CLARK, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : Civil Action No. 13-CV-1776 |
| MALLINCKRODT ARD LLC. (f/k/a Mallinckrodt ARD, Inc.; f/k/a Questcor Pharmaceuticals, Inc.), | : |
| | : |
| Defendant. | : |

## [PROPOSED] O R D E R

Pursuant to Federal Rule of Civil Procedure 41(a) and the *qui tam* provisions of the False

Claims Act, 31 U.S.C. § 3730(b)(1), and pursuant to the terms and conditions of the September

3, 2019 settlement agreement among the United States, Relators Charles Strunck and Lisa Pratta,

Relator Scott Clark, (collectively the "Relators") and Defendant Mallinckrodt ARD LLC,

formerly known as Questcor Pharmaceuticals, Inc. ("Mallinckrodt") ("Settlement Agreement"),

the parties have filed a Joint Notice of Partial Settlement and Stipulation of Dismissal. Upon consideration of the Stipulation and the papers on file in these consolidated actions:

1) Each Relator's action with respect to the Covered Conduct, as that term is defined in the Settlement Agreement, is dismissed with prejudice;

2) The remainder of each Relator's action is dismissed with prejudice as to each respective Relator but without prejudice as to the United States, except that:

    a. no part of any Relator's action as to the allegations contained in the United States' Complaint in Intervention is dismissed; and

    b. Relator Clark's employment claims (retaliation in violation of 31 U.S.C. § 3730(h) and Oregon state law) are dismissed without prejudice ; and

3) No part of the United States Complaint in Intervention, or any liability related to Excluded Acthar Claims, as that term is defined in the Settlement Agreement, is dismissed.


IT IS SO ORDERED,

This _____ day of September, 2019.


_____

HONORABLE BERLE M. SCHILLER
*Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. CHARLES STRUNCK, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 12-CV-0175 |
| | : |
| MALLINCKRODT ARD LLC. (f/k/a Mallinckrodt ARD, Inc.; f/k/a Questcor Pharmaceuticals, Inc.), | : |
| | : |
| Defendant. | : |
| | : |
| UNITED STATES OF AMERICA, et al., ex rel. SCOTT CLARK, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : Civil Action No. 13-CV-1776 |
| MALLINCKRODT ARD LLC. (f/k/a Mallinckrodt ARD, Inc.; f/k/a Questcor Pharmaceuticals, Inc.), | : |
| | : |
| Defendant. | : |

## JOINT NOTICE OF PARTIAL SETTLEMENT AND STIPULATION OF DISMISSAL

The parties hereby respectfully notify the Court that, on September 3, 2019, the United

States, Relators Charles Strunck and Lisa Pratta, Relator Scott Clark, (collectively the

"Relators") and Defendant Mallinckrodt ARD LLC, formerly known as Questcor

Pharmaceuticals, Inc. ("Mallinckrodt"), entered into a settlement agreement ("Settlement

Agreement") to resolve certain allegations contained in each Relator's complaint in these consolidated actions. A copy of the Settlement Agreement is attached to this Notice and Stipulation as Exhibit 1.

Pursuant to Federal Rule of Civil Procedure 41(a) and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), and pursuant to the terms and conditions of the Settlement Agreement, Relators, Mallinckrodt, and the United States, hereby stipulate, consent and agree to the entry of an order providing that (1) each Relator's action with respect to the Covered Conduct, as that term is defined in the Settlement Agreement, is dismissed with prejudice; (2) the remainder of each Relator's action is dismissed with prejudice as to each respective Relator and without prejudice as to the United States, except that (a) no part of any of Relators' actions as to the allegations contained in the United States' Complaint in Intervention is dismissed; and (b) Relator Clark's employment claims (retaliation in violation of 31 U.S.C. § 3730(h) and Oregon state law) are dismissed without prejudice;[1] and (3) no part of the United States Complaint in Intervention, or any liability related to Excluded Acthar Claims, as that term is defined in the Settlement Agreement, is dismissed.

The parties respectfully request that the Court enter an order in the form of the proposed order consistent with this stipulation. The United States consents to the dismissals set forth herein. A Proposed Order accompanies this Stipulation.

---

[1]     After the parties entered into the Settlement Agreement, Relator Clark and Mallinckrodt agreed that Relator Clark's employment claims would be dismissed without prejudice, permitting Clark to re-file the employment claims after final judgment in this action.

2

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM M. McSWAIN
United States Attorney

*Greg David / CMC*

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*Colin C.*

COLIN M. CHERICO
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel.: (215) 861-8788
Fax: (215) 861-8618
E-mail: colin.cherico@usdoj.gov

MICHAEL D. GRANSTON
JAMIE A. YAVELBERG
AUGUSTINE M. RIPA
DANIEL A. SCHIFFER
Attorneys, Civil Division
United States Department of Justice
601 D Street, N.W., Room 9928
Washington, D.C. 20004
Tel.: (202) 305-4033

3

JOHN N. JOSEPH
I.D. #046643
Post & Schell, P.C.
Four Penn Center, 14th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Tel.:  (215) 587-1191
jjoseph@postchell.com

JOHN T. BENTIVOGLIO (admitted pro hac vice)
MITCHELL S. ETTINGER (admitted pro hac vice)
AVIA M. DUNN (admitted pro hac vice)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005
john.bentivoglio@skadden.com
mitchell.ettinger@skadden.com
avia.dunn@skadden.com

Attorneys for Mallinckrodt

ROSS BEGELMAN
MARC ORLOW
Begelman & Orlow, PC
411 Route 70 East
Suite 245
Cherry Hill, NJ 08034
Ross.Begelman@begelmanorlow.com
Marc.orlow@begelmanorlow.com

Attorneys for Relators Charles Strunck and Lisa Pratta

BRIAN J. MCCORMICK JR.
Ross Feller Casey, LLP
One Liberty Place
1650 Market Street
34th Floor
Philadelphia, PA 19103
bmccormick@rossfellercasey.com

JENNIFER MIDDLETON (admitted pro hac vice)
Johnson Johnson Lucas & Middleton
975 Oak Street, Suite 1050
Eugene, Oregon 97401
jmiddleton@justicelawyers.com

Attorneys for Relator Scott Clark

Date: September 19th, 2019

5

ROSS BEGELMAN
MARC ORLOW
Begelman & Orlow, PC
411 Route 70 East
Suite 245
Cherry Hill, NJ 08034
Ross.Begelman@begelmanorlow.com
Marc.orlow@begelmanorlow.com

Attorneys for Relators Charles Strunck and Lisa Pratta

BRIAN J. MCCORMICK JR.
Ross Feller Casey, LLP
One Liberty Place
1650 Market Street
34th Floor
Philadelphia, PA 19103
bmccormick@rossfellercasey.com

JENNIFER MIDDLETON (admitted pro hac vice)
Johnson Johnson Lucas & Middleton
975 Oak Street, Suite 1050
Eugene, Oregon 97401
jmiddleton@justicelawyers.com

Attorneys for Relator Scott Clark

Date:  September  19, 2019

5

# Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS") (collectively, the "United States"), Mallinckrodt ARD LLC (formerly Questcor Pharmaceuticals, Inc.) ("Questcor"), Charles Strunck, Lisa Pratta, and Scott Clark (each a "Relator" and, collectively, the "Relators") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A.    Questcor is a pharmaceutical company organized and existing under the laws of California.  From January 1, 2009, through December 31, 2013, Questcor manufactured pharmaceutical products marketed in the United States, including H.P. Acthar Gel ("Acthar"). The United States Food & Drug Administration has approved the use of Acthar for, among other uses, the treatment of acute exacerbations of multiple sclerosis in adults.

B.    On January 20, 2012, Charles Strunck and Lisa Pratta filed an action in the United States District Court for the Eastern District of Pennsylvania captioned *United States ex rel. Strunck v. Questcor Pharmaceuticals, Inc.*, Civil Action No. 12-175 (BMS), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Strunck Action").  On June 12, 2017, the Court accepted for filing the Fourth Amended Complaint in the Strunck Action. In the Strunck Action, Relators Strunck and Pratta allege that Questcor, *inter alia*, provided illegal remuneration to physicians in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) (the "AKS"), in the form of lavish meals and entertainment.

C.    On April 4, 2013, Scott Clark filed an action in the United States District Court for the Eastern District of Pennsylvania captioned *United States, et al., ex. rel. Clark v. Questcor*

*Pharmaceuticals, Inc.,* Civil Action No. 13-cv-01776 (BMS), pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Clark Action"). In the Clark Action, Relator Clark alleges that Questcor, *inter alia*, provided illegal remuneration to physicians in violation of the AKS in the form of lavish meals and entertainment.

        D.      The Strunck and Clark Actions are collectively referred to as the "Civil Actions." The United States intervened in the Civil Actions on March 6, 2019, and filed the United States' Complaint in Intervention on June 4, 2019 ("United States' Complaint in Intervention").

        E.      The United States contends that Questcor submitted or caused to be submitted claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 ("Medicare").

        F.      The United States contends that it has certain civil claims, as specified in Paragraph 3 below, against Questcor for engaging in the conduct described in this paragraph during the time period from January 1, 2009 to December 31, 2013 (hereinafter referred to as the "Covered Conduct"). Specifically, the United States alleges that twelve Questcor sales representatives marketing Acthar provided illegal remuneration to health care providers in the form of lavish meals and entertainment expenses, with the intent to induce Acthar Medicare referrals from those health care providers, in violation of the AKS. The identities of the sales representatives at issue with respect to this alleged conduct are set forth in a separate letter from the Civil Division, United States Department of Justice to the undersigned counsel for Questcor dated September 3, 2019, which is herein incorporated by reference into this Agreement (the "Incorporated Letter"). The United States alleges that, from January 1, 2009 to December 31, 2013, Questcor violated the False Claims Act, 31 U.S.C. §§ 3729-33, by knowingly causing to be submitted false claims for Acthar to the Medicare program that resulted from these AKS violations.

2

The Covered Conduct specifically does not include any claims submitted to Medicare for
Acthar in which the patient on whose behalf the claim was submitted received any financial
assistance, including assistance for copayments, coinsurance, or any other patient cost obligation,
provided in whole or in part by Questcor or the Chronic Disease Fund, now known as Good
Days ("CDF"), notwithstanding whether any such claim involved a prescription or referral from
any health care provider who allegedly received any remuneration arising from conduct by the
sales representatives identified in the Incorporated Letter.  These claims are referred to below as
"Excluded Acthar Claims."  For avoidance of doubt, the Settlement Amount defined below does
not include any payment to the United States related to any Excluded Acthar Claims, and this
Agreement does not provide any consideration or releases related to any Excluded Acthar
Claims.

G.       The Settlement Agreement is neither an admission of liability by Questcor nor a
concession by the United States that its claims are not well founded.

H.       Relators claim entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of
this Settlement Agreement and to Relators' reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the
above claims, and in consideration of the mutual promises and obligations of this Settlement
Agreement, the Parties agree and covenant as follows:

<u>TERMS AND CONDITIONS</u>

1.       Questcor shall pay to the United States $15,400,000 (Fifteen Million Four
Hundred Thousand Dollars), plus interest at a rate of 2.5% from April 29, 2019, through the day
before full payment (the "Settlement Amount"), of which $7,700,000 (Seven Million Seven
Hundred Thousand Dollars) is restitution, no later than ten (10) business days after the Effective
Date of this Agreement by electronic funds transfer pursuant to written instructions to be

provided by the United States Attorney's Office for the Eastern District of Pennsylvania. As set forth above, the Settlement Amount does not include any payment or consideration to the United States related to any Excluded Acthar Claims.

2.    Conditioned upon the United States receiving the Settlement Amount from Questcor and as soon as feasible after receipt, the United States shall pay $2,926,000 (Two Million Nine Hundred Twenty Six Thousand Dollars) of the Settlement Amount, plus a pro rata share of the interest accrued pursuant to Paragraph 1, to Relators Strunck and Pratta by electronic funds transfer.

3.    Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon Questcor's full payment of the Settlement Amount, the United States releases Questcor, together with its current and former parent corporations; subsidiaries; brother or sister corporations; divisions; current or former corporate owners; and the corporate successors and assigns of any of them (the "Questcor Releasees"), from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; any statutory provision for which the Civil Division of the Department of Justice has actual and present authority to assert and compromise pursuant to 28 CFR Part 0, Subpart I, 0.45(d); or the common law theories of payment by mistake, unjust enrichment, and fraud.

4.    Subject to the exceptions in Paragraph 6 below, and conditioned upon Questcor's full payment of the Settlement Amount, Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, release the Questcor Releasees from any civil monetary claim the Relators have on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

4

5.    OIG-HHS expressly reserves all rights to institute, direct, or to maintain any administrative action seeking exclusion against Questcor and/or its officers, directors, and employees from Medicare, Medicaid, and all other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) under 42 U.S.C. § 1320a-7(a) (mandatory exclusion), or 42 U.S.C. § 1320a-7(b) or 42 U.S.C. § 1320a-7a (permissive exclusion).

6.    Notwithstanding the releases given in Paragraphs 3 and 4 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

a.    Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.    Any criminal liability;

c.    Except as explicitly stated in this Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

d.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct, including, but not limited to, any liability related to Excluded Acthar Claims;

e.    Any liability based upon obligations created by this Agreement;

f.    Any liability of individuals;

g.    Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

h.    Any liability for failure to deliver goods or services due;

i.    Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

7.     Relators and their heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).  Conditioned upon Relator Strunck and Pratta's receipt of the payment described in Paragraph 2, Relators and their heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Actions or under 31 U.S.C. § 3730 as to the Covered Conduct, and from any claims to a share of the proceeds of this Agreement.

8.     Questcor waives and shall not assert any defenses Questcor may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

9.     Questcor fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Questcor has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

10.    The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and Questcor agrees not to resubmit to any Medicare contractor or any state payer any

6

previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

    11.    Questcor agrees to the following:

    a.    <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Questcor, its present or former officers, directors, employees, shareholders, and agents in connection with:

    (1)    the matters covered by this Agreement;

    (2)    the United States' audit(s) and civil and any criminal investigation(s) of the matters covered by this Agreement;

    (3)    Questcor's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

    (4)    the negotiation and performance of this Agreement; and

    (5)    the payment Questcor makes to the United States pursuant to this Agreement and any payments that Questcor may make to Relators, including costs and attorney's fees.

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

    b.    <u>Future Treatment of Unallowable Costs</u>:  Unallowable Costs shall be separately determined and accounted for by Questcor, and Questcor shall not charge such

Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Questcor or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

        c.    <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Questcor further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Questcor or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Questcor agrees that the United States, at a minimum, shall be entitled to recoup from Questcor any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

        Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Questcor or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Questcor or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

8

d.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Questcor's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

12.      This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 13 (waiver for beneficiaries paragraph), below.

13.      Questcor agrees that it waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

14.      Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Actions a Stipulation of Dismissal ("Stipulation") : (1) that claims as to the Covered Conduct shall be dismissed with prejudice, subject to the terms of this Settlement Agreement; and (2) that Relators' other claims shall be dismissed with prejudice as to Relators and without prejudice as to the United States, except that a) Relators' claims as to the allegations contained in the United States' Complaint in Intervention; and b) Relator Clark's employment claims shall not be dismissed. The Stipulation shall not dismiss any part of the United States' Complaint in Intervention or any liability related to Excluded Acthar Claims.

15.      Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

16.      Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

17.      This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District

Court for the Eastern District of Pennsylvania. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

18.     This Agreement and the Incorporated Letter constitute the complete agreement between the Parties on the matters that are the subject of this Agreement. This Agreement may not be amended except by written consent of the Parties.

19.     The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

20.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

21.     This Agreement is binding on Questcor's successors, transferees, heirs, and assigns.

22.     This Agreement is binding on Relators' successors, transferees, heirs, and assigns.

23.     All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

24.     This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

## THE UNITED STATES OF AMERICA

DATED: **8/28/19**     BY: _____

**WILLIAM M. McSWAIN**
United States Attorney
Eastern District of Pennsylvania

_____
**Gregory B. David**
Assistant United States Attorney
Chief, Civil Division

_____
**Charlene K. Fullmer**
Assistant United States Attorney
Deputy Chief, Civil Division

_____
**Colin M. Cherico**
Assistant United States Attorney

DATED: **9/3/19**     BY: _____

**Augustine M. Ripa**
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED: _____     BY: _____

**Lisa M. Re**
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

11

### THE UNITED STATES OF AMERICA

DATED:_____     BY:     _____

**WILLIAM M. McSWAIN**
United States Attorney
Eastern District of Pennsylvania


_____

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division


_____

CHARLENE K. FULLMER
Assistant United States Attorney
Deputy Chief, Civil Division


_____

COLIN M. CHERICO
Assistant United States Attorney


DATED: _____     BY:     _____

**AUGUSTINE M. RIPA**
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice


DATED: _8/27/19_     BY:     _Gail Demshe for LMR_

**LISA M. RE**
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

**QUESTCOR - DEFENDANT**

DATED: 8/28/19   BY: _____
Kathleen Schaefer
President, Mallinckrodt ARD LLC

DATED: 9/3/19   BY: _____
John T. Bentivoglio
Mitchell S. Ettinger
Avia M. Dunn
Skadden Arps Slate Meagher & Flom LLP
Counsel for Questcor

**CHARLES STRUNCK - RELATOR**

DATED: ___8/26/19___   BY: _____
**Charles Strunck**

DATED: ___8/24/19___   BY: _____
**Ross Begelman**
Begelman & Orlow, P.C.
Counsel for Strunck

13

**LISA PRATTA - RELATOR**

DATED: 8/26/2019     BY: _____
                              Lisa Pratta

DATED: 5/24/19     BY: _____
                              Ross Begelman
                              Begelman & Orlow, P.C
                              Counsel for Pratta

14

**SCOTT CLARK - RELATOR**

DATED: **8/26/19**    BY: _____

                                 **Scott Clark**

DATED: 8-27-19    BY: _____

                                 **Brian J. McCormick, Jr.**
                                 Ross Feller Casey, LLP
                                 Counsel for Clark

DATED: Aug 26 2019    BY: _____

                                 **Jennifer J. Middleton**
                                 Johnson Johnson Lucas & Middleton, PC
                                 Counsel for Clark

15



**U.S. Department of Justice**

Civil Division

MDG:JAY:AMR
46-62-2547

_____

_Washington, DC 20530_

September 3, 2019

John Bentivoglio, Esq.
Mitch Ettinger, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave, NW
Washington, DC  20005

      Re:    Mallinckrodt ARD LLC (formerly Questcor Pharmaceuticals, Inc.)

Dear Mr. Bentivoglio and Mr. Ettinger:

      As you know, the United States and Mallinckrodt ARD LLC (formerly Questcor Pharmaceuticals, Inc.) (the "Company") have entered into a civil settlement agreement ("Settlement Agreement") to resolve certain allegations by the United States that the Company violated the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, other federal statutes and the common law in the specific manner described in the Settlement Agreement's Covered Conduct.

      Paragraph F of the Settlement Agreement states:

> The United States contends that it has certain civil claims, as specified in Paragraph 3 below, against Questcor for engaging in the conduct described in this paragraph during the time period from January 1, 2009 to December 31, 2013 (hereinafter referred to as the "Covered Conduct"). Specifically, the United States alleges that twelve Questcor sales representatives marketing Acthar provided illegal remuneration to health care providers in the form of lavish meals and entertainment expenses, with the intent to induce Acthar Medicare referrals from those health care providers, in violation of the AKS. The identities of the sales representatives at issue with respect to this alleged conduct are set forth in a separate letter from the Civil Division, United States Department of Justice to the undersigned counsel for Questcor dated September 3, 2019, which is herein incorporated by reference into this Agreement (the "Incorporated Letter"). The United States alleges that, from January 1, 2009 to December 31, 2013, Questcor violated the False Claims Act, 31 U.S.C. §§ 3729-33, by knowingly causing

- 2 -

to be submitted false claims for Acthar to the Medicare program that resulted from these AKS violations.

The Covered Conduct specifically does not include any claims submitted to Medicare for Acthar in which the patient on whose behalf the claim was submitted received any financial assistance, including assistance for copayments, coinsurance, or any other patient cost obligation, provided in whole or in part by Questcor or the Chronic Disease Fund, now known as Good Days ("CDF"), notwithstanding whether any such claim involved a prescription or referral from any health care provider who allegedly received any remuneration arising from conduct by the sales representatives identified in the Incorporated Letter. These claims are referred to below as "Excluded Acthar Claims." For avoidance of doubt, the Settlement Amount defined below does not include any payment to the United States related to any Excluded Acthar Claims, and this Agreement does not provide any consideration or releases related to any Excluded Acthar Claims.

Pursuant to this provision of the Settlement Agreement, this letter confirms the Parties' understanding that the sales representatives at issue with respect to this alleged conduct are those identified in Attachment A to this letter.

Sincerely,

Augustine M. Ripa
Trial Attorney, Civil Division

- 3 -

## ATTACHMENT A

1. Corrie Prato
2. Curt Buttiker
3. Emily Jordan
4. Jessica Sukanen
5. Jessica Wettstein
6. Shauna Morales
7. Scott Clark
8. Nick Brunetti
9. Brad Rooker
10. Susan Stevens
11. John Lanning
12. Michael Dittbrenner