IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALLINCKRODT PLC, *et al.*, | ) | Case No. 20-12522 (JTD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| MALLINCKRODT PLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 21-50428(JTD) |
| | ) | |
| City of Rockford, | ) | |
| | ) | |
| Defendant. | ) | **Re: D.I. 12** |

## MEMORANDUM OPINION AND ORDER

The Debtors commenced this adversary proceeding pursuant to Rules 4007, 7001(6), and 7001(9) of the Federal Rules of Bankruptcy Procedure, seeking a determination and declaration of dischargeability of alleged claims and debts of the City of Rockford (the "Complaint").[1] Defendants, the City of Rockford ("**Rockford**") filed a motion to dismiss (the "**Motion**") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), made applicable by Bankruptcy Rule 7012, asserting that standing and ripeness bar declaratory relief.[2] A hearing was held on June 7, 2021, during which I denied the Motion as frivolous. The reasons for that denial are as follows.

---

[1] Complaint, Adv. D.I. 1.

[2] Motion, Adv. D.I. 12; Opening Brief in Support of Motion to Dismiss, Adv. D.I. 13.

Rockford stated several times, both on the record and in its pleadings, that it believes its claims are not dischargeable.[3]  Accordingly, the Debtors filed the Complaint, along with a motion for summary judgment, seeking a declaratory judgment that Rockford's claims are, as a matter of law, dischargeable pursuant to 11 U.S.C. § 1141 and not subject to the exception to discharge set forth in §1141(d)(6).[4]  Rockford moved to dismiss the Complaint for lack of standing and ripeness, arguing that because *Rockford* has not yet filed a complaint to determine dischargeability, there is no controversy between the parties that would warrant the issuance of a declaratory judgment.[5]  Rockford further argued that debtors have not suffered a concrete injury – that "any injury – if an injury exists at all – exists only in Debtors' imagination."[6]  Lastly, Rockford argues that the Complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8 (made applicable by Bankruptcy Rule 7008) because "the allegations are both conclusory and aimed at a legal point, excepting them from consideration under *Iqbal* and *Twombly* as facts."[7]

All of Rockford's arguments are unfounded and lack both legal and factual support.  To begin, Federal Rule of Bankruptcy Procedure 4007 provides that "**[a] debtor** or any creditor may

---

[3] *See, e.g.*, Acthar Plaintiffs' Motion for Order Extending Time to File a Complaint to Determine Dischargeability of Certain Acthar Related Claims Pursuant to 11 U.S.C. § 1141(d)(6) (D.I. 1380) (stating that "the Acthar Plaintiffs do not contend that the deadline is applicable to the Claims, and are filing this Motion as a precautionary measure."); Acthar Plaintiffs' Brief in Opposition to Debtors' Motion for Temporary Restraining Order (Adv. No. 20-50850, D.I. 33 at 4 n.9 ("The Acthar Plaintiffs contend – and will show at the appropriate time – that their antitrust claims are non-dischargeable, willful acts of Mallinckrodt).

[4] See Debtors' Motion for Summary Judgment, Adv. D.I 2.  An opinion granting that motion has just issued.  Adv. D.I. 41.

[5] Opening Brief, Adv. D.I. 13, at 2.

[6] *Id.* at 4-5.

[7] Opening Brief, Adv. D.I. 13 at 8.

file a complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr. P. 4007(a) (emphasis added). As the leading bankruptcy treatise explains, "[b]y expressly permitting the debtor to file such a complaint, [Bankruptcy Rule 4007(a)] reaffirms the jurisdiction of the bankruptcy court to decide dischargeability issues raised by the debtor." 9 Collier on Bankruptcy, ¶ 4007.02 (16th ed. 2021). Rockford's unsubstantiated argument to the contrary is not well taken.

Rockford's next argument, that there is not yet an injury here, is also belied both by the facts and the rules. Not only has Rockford made it abundantly clear in its filings that it believes its claims are not dischargeable, but <u>after</u> this Motion was filed, counsel for Rockford confirmed in writing that it would be continuing to assert that position.[8] At this point in the Debtors' bankruptcy, with confirmation on the horizon, a determination regarding the treatment of Rockford's claims is necessary to keep these cases moving forward. This Court has reached this same conclusion in similar cases. *See In re Powermate Holding Corp.*, 394 B.R. 765, 770 (Bankr. D. Del. 2008) (dispute was ripe because "[w]ithout a determination of the priority status of the Plaintiff's claims, the Debtor Defendants will be frustrated in their efforts to proceed any

---

[8] See email exchange dated May 13, 2021, attached as Exhibit A to Debtors' Opposition to Motion to Dismiss, Adv. D.I. 20:

> Mr. Murtagh: "Among other things, Rockford argues in its opening brief that there is no live controversy, and the issues raised by the Debtors' Complaint are not ripe for determination. Perhaps we have been under a misimpression – the Debtors believe that the City of Rockford has contended, and will continue to contend, that some or all of its claims against the Debtors are not dischargeable. However, if our understanding is incorrect and the City of Rockford does not so contend, then please confirm that Rockford's claims against the Debtors are **not** subject to the discharge exception in 11 U.S.C. § 1141(d)(6). With that confirmation we likely would be able to withdraw the adversary proceeding."
>
> Mr. Astin: "I think what you are asking is: does Rockford contend its claims are non-dischargeable. The answer is yes, as our SJ opposition will make clear."

further in their bankruptcy, to formulate a plan as well as to negotiate with creditors."); *In re SRC Liquidation, LLC*, No. 15-10541 (BLS), 2017 WL 6033019, at *6 (Bankr. D. Del. Dec. 1, 2017) ("a determination of CareSource's interests as related to the insurance policies would certainly contribute to, if not determine, CareSource's decisions regarding the real risk of future liability."). Moreover, the rules themselves suggest that questions regarding dischargeability should be considered sooner rather than later. *See* Fed. R. Bank. Proc. 4007(c) (requiring dischargeability actions brought under section 523(c) to be commenced within 60 days of the section 341 meeting of creditors); Fed. R. Bankr. Proc. 4004(a) ("In a chapter 11 case, the complaint [objecting to the debtor's discharge] shall be filed no later than the first date set for the hearing on confirmation."). If I were to accept Rockford's argument that this dispute is not ripe now, just three months before this large and complex case is set to go to confirmation, then these rules would make no sense. For these reasons, I am satisfied that this dispute is ripe for decision.

Lastly, and perhaps most befuddling, is Rockford's contention that the Debtors' complaint does not meet the pleading requirements of Rule 8 because it is devoid of facts. The paragraphs in the Complaint that Rockford points to as legal conclusions are nothing of the kind.[9] While they contain legal terms, they are simply a recitation of the positions Rockford has asserted in its prepetition litigation. Those are the facts upon which the Complaint is based.[10]

---

[9] Rockford states that the allegations contained in paragraphs 18-21 and 22-28 of the Complaint are all legal conclusions. Opposition, Adv. D.I 13 at 7. These include allegations such as "Rockford asserts that the Debtors consolidated their monopoly by purchasing and eliminating a potential competitor drug….", "Rockford alleges that it has standing to sue under relevant law and that it suffered injury…", and "Rockford has taken the position in court filings that its claims may not be subject to the dischargeability deadline…" Complaint, D.I. 1, ¶¶ 20, 21, 23.

[10] Because this point has come up multiple times in Rockford's filings in this Court, some elaboration may be warranted. To be clear, a statement that Rockford has done or not done something (such as asserting a particular legal argument in a previous case) is a fact. A statement about the legal significance of that action would be a legal conclusion.

For all these reasons, I find the Motion to be frivolous. It is therefore DENIED.

SO ORDERED.

Dated: June 23, 2021

                                                    JOHN T. DORSEY, U.S.B.J.

5